UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2271 PA (SKx) | Date | March 28, 2017 |
|---|---|---|---|
| Title | Anthony Warren v. MasTec, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Before the Court is a Notice of Removal filed by defendants MasTec, Inc. and MasTec Network Solutions, Inc. ("Defendants"). Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Anthony Warren ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

**I.**     **Legal Standard**

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2271 PA (SKx) | Date | March 28, 2017 |
|---|---|---|---|
| Title | Anthony Warren v. MasTec, Inc., et al. | | |

**II.     Plaintiff's Citizenship Is Inadequately Alleged**

In support of its allegations that the Court possesses diversity jurisdiction, the Notice of Removal states: "According to Plaintiff's Complaint, '[a]t all times mentioned in this complaint, the plaintiff, Anthony Warren . . . was and is a resident of the County of Los Angeles, California.' Accordingly, Plaintiff is a citizen of the state of California for purposes of analyzing diversity jurisdiction." (Notice of Removal ¶ 18 (quoting Exh. A, ¶ 1).) As indicated, the Complaint alleges only Plaintiff's residence. Because Defendants allege Plaintiff's citizenship based only on his residence, and residence is not the same as domicile, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship or to invoke this Court's diversity jurisdiction.

**III.    Defendant Bistline Is Not Fraudulently Joined**

Additionally, Defendants assert that the citizenship of defendant Matt Bistline[1], Plaintiff's former supervisor, should be ignored because Bistline was fraudulently joined as a defendant. The Ninth Circuit has recognized fraudulent joinder of a non-diverse defendant as an exception to the complete diversity requirement. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, then that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "'Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.'" Morris, 236 F.3d at 1068 (quoting Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)). "Nonetheless, piercing the pleadings is a strictly circumscribed inquiry limited to uncontroverted summary evidence which establishes unmistakably that a diversity-defeating defendant cannot possibly be liable to a plaintiff under applicable state law." Celeste v. Merck, Sharp & Dohme Corp., No.

---

[1]     Erroneously sued as Matt Bisline. (See Notice of Removal, Exh. C.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2271 PA (SKx) | Date | March 28, 2017 |
|---|---|---|---|
| Title | Anthony Warren v. MasTec, Inc., et al. | | |

14cv360AJB (MDD), 2014 WL 2739025, at *3 (S.D. Cal. June 17, 2014) (internal quotation marks omitted). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). If there is "a non-fanciful possibility that plaintiff can state a claim under state law against the non-diverse defendants, the court must remand." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)) (quotation marks and brackets omitted). A court should remand a case "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal quotation marks and brackets omitted).

     Plaintiff alleges a cause of action against Bistline for harassment on the basis of race or color in violation of the California Fair Employment Housing Act ("FEHA"). (Compl. ¶¶ 233–246.) Before a plaintiff may file a FEHA civil complaint, he must file an administrative complaint with the Department of Fair Employment and Housing ("DFEH"). Williams v. City of Belvedere, 72 Cal. App. 84, 90 (1999). The administrative complaint must be filed within one year of the unlawful conduct. See Cal. Gov't Code § 12960(b), (d). Timely filing of the administrative complaint is required to bring a civil action for damages under the FEHA. Williams, 72 Cal. App. at 90. Plaintiff filed his Administrative Complaint on August 18, 2016. (Notice of Removal ¶¶ 12, 27.) In his deposition on March 9, 2017, Plaintiff admitted that he most recently heard Bistline make a "racially inappropriate remark" on May 15, 2015, at the latest, more than one year before the Administrative Complaint was filed. (Notice of Removal, Groode Decl., Exh. A, 185.) Therefore, Defendants assert that Plaintiff's claim against Bistline is barred because Plaintiff failed to properly exhaust administrative remedies, as he filed the Administrative Complaint more than one year after Bistline's last alleged unlawful act. (Notice of Removal ¶¶ 27, 30.)

     However, the Court is unpersuaded that state law precludes any possibility of Plaintiff's success on the merits of his claim against Bistline. The California Supreme Court construes the FEHA, including the statute of limitations in section 12960, liberally, so as not to "impose serious practical difficulties on an employee's ability to vindicate this right through litigation . . . ." See Richards v. CH2M Hill, 26 Cal. 4th 798, 819–21 (2001). Additionally, the continuing violation doctrine provides an exception to the one-year statutory deadline by allowing a plaintiff to bring claims under FEHA that occurred, in part, outside the limitations period. Id. at 802. Under California law,

> [t]he continuing violation doctrine tolls the limitations period for filing a DFEH complaint if an employer engages in repetitive violations of an employee's FEHA rights and the employer's actions: (1) were "sufficiently similar in kind," (2) "occurred with sufficient frequency," and (3) did not "acquir[e] a degree of 'permanence' so that employees [were] on notice

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-2271 PA (SKx) | Date | March 28, 2017 |
|---|---|---|---|
| Title | Anthony Warren v. MasTec, Inc., et al. | | |

that further efforts at informal conciliation with the employer to obtain accommodation or end harassment would be futile."

Llamas v. Hanger Prosthetics & Orthotics, Inc., 2014 U.S. Dist. LEXIS 47068, at *5–6 (C.D. Cal. Apr. 1, 2014) (quoting Richards, 26 Cal. 4th at 802; Acuna v. San Diego Gas & Elec. Co., 217 Cal. App. 4th 1402, 1412–13 (2013)).

Plaintiff has alleged that Defendants also committed violations of FEHA, including harassment and discrimination based on race or color, as recently as September 3, 2015. (See Compl. ¶¶ 15, 163–232; Notice of Removal ¶ 28 (citing Exh. A at Exh. 1).) The claims against Defendants were undisputedly timely filed with the DFEH. Moreover, Defendants have not proven that these claims were dissimilar to Plaintiff's claim against Bistline, that the alleged violations were infrequent, or that they had acquired a degree of permanence. See Llamas, 2014 U.S. Dist. LEXIS 47068, at *5–6. Thus, the continuing violation doctrine arguably could apply to the toll the statute of limitations of the claim against Bistline. See Negherbon v. Wells Fargo Bank, 2015 U.S. Dist. LEXIS 143393, at *25–26 (N.D. Cal. Oct. 21, 2015) (concluding that California's continuing violation doctrine may toll the statute of limitations as to FEHA claims against defendant supervisor if similar violations were committed by defendant employer's other employees). Accordingly, it is not clear that Plaintiff's claim against Bistline will fail. See id.; Llamas, 2014 U.S. Dist. LEXIS 47068, at *5–6. Even if this claim were inadequately pleaded, a state court would likely grant Plaintiff leave to amend his Complaint. See Padilla, 697 F. Supp. 2d at 1159.

Therefore, the Court finds Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claim against Bistline. See Plute, 141 F. Supp. 2d at 1008. As a result, the Court finds that Bistline has not been fraudulently joined and this Court cannot ignore his citizenship in assessing the propriety of removal.

### Conclusion

For the foregoing reasons, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC639516, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED